**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


OMAR ABREU,                    :
                               :    Civil Action No. 11-2160 (RMB)
              Petitioner,      :
                               :
         v.                    :    OPINION
                               :
WARDEN DONNA ZICKEFOOSE,       :
                               :
              Respondent.      :
```

**APPEARANCES:**

Petitioner pro se
Omar Abreu
F.C.I. Fort Dix
Fort Dix, NJ  08640

**BUMB**, District Judge

   Petitioner Omar Abreu, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole named Respondent is Warden Donna Zickefoose.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district courts
   and any circuit judge within their respective
   jurisdictions.
   (c) The writ of habeas corpus shall not extend to a
   prisoner unless-- ... (3) He is in custody in violation
   of the Constitution or laws or treaties of the United
   States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to relief in habeas, the Petition will be dismissed without prejudice.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner Omnar Abreu is a federal prisoner serving a 246-month sentence upon conviction of racketeering and related offenses.  See United States v. Abreu, Criminal No. 00-0732 (S.D.N.Y.).

Petitioner asserts that he has been employed in the Federal Prison Industries (UNICOR) and that he has been absent from time to time while attending GED classes.  He alleges that the time he has spent attending GED classes, amounting to 1500 hours, has improperly been deducted from his Federal Prison Industries pay.  Petitioner alleges that there is a conflict between the applicable federal regulation and Bureau of Prisons Program Statement, and that the regulation, which permits pay for educational programs, supercedes the allegedly contrary provision in the Program Statement.  See 28 C.F.R. § 545.26(b)(2); Bureau of Prisons Program Statement 8120.02, Work Programs for Inmates - FPI, Chapter 5, page 8, section 13.

Petitioner has pursued his administrative remedies under the Bureau of Prisons administrative remedy program.

Petitioner has filed this Petition for writ of habeas corpus seeking an order for award of the performance pay.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## III. ANALYSIS

This Petition will be dismissed for lack of jurisdiction.

3

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 544 U.S. 74 (2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under

4

§ 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). See also Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioner's challenge to deductions from his prison pay is the type of challenge to conditions of confinement that must be brought by way of a civil rights action or action for declaratory and injunctive relief.

Because Petitioner has not prepaid the $350.00 filing fee for a civil action or submitted an application for leave to proceed in forma pauperis in a civil rights action, and because

of the consequences that flow from a grant of leave to proceed in forma pauperis in a civil rights action or from any potential dismissal of a civil rights complaint, this Court will not construe this matter as a civil rights complaint.  See 28 U.S.C. § 1915(b) (requiring incremental payment of filing fee by prisoner granted leave to proceed in forma pauperis); 28 U.S.C. § 1915(g) (the "three-strikes rule") ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").[2]

    Instead, this Petition will be dismissed without prejudice.  Petitioner may file a separate civil complaint if he wishes to pursue these claims.  This Court expresses no opinion as to the merits of Petitioner's claims.

---

[2] Petitioner has already incurred one such "strike."  See Abreu v. Gostkowski, Civil No. 11-0933 (RMB) (D.N.J.).

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

<u>s/Renée Marie Bumb</u>
Renée Marie Bumb
United States District Judge

Dated:<u> September 25, 2012</u>